UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLARD RUSSELL COX,

        Petitioner,

        v.                                    Case No. 09-C-1077

STATE OF WISCONSIN,[1]

        Respondent.

ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS AND
REQUESTING RESPONDENT TO FILE ANSWER OR OTHER RESPONSE,
AND GRANTING PETITIONER'S REQUEST TO PROCEED IN FORMA PAUPERIS
(DOC. # 2)

On November 12, 2009, Willard Russell Cox, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Cox submits that in 2007 he was convicted following a jury trial in Brown County Circuit Court of three counts of sexual assault of a child, contrary to Wis. Stats. §§ 948.02(1) and 948.02(2). He was sentenced to fourteen years probation with two years initial confinement.[2] According to Cox, he was held at the Brown County Jail, but released on December 18, 2008. The docket indicates he is residing in Michigan.

---

[1] As discussed in footnote # 2, the record indicates that Cox is serving a period of probation. The court recognizes that a petitioner serving a sentence of probation can qualify as "in custody" for the purposes of a § 2254 petition. *Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) ("We are bolstered in this finding first by the fact that the "terms and conditions" of probation place Rosanna "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. s 2241(c)). In the case of probation, the petitioner may name "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Rule 2, Rules Governing § 2254 Case (Advisory Notes). Cox challenges his Wisconsin conviction, though he is living in Michigan. Therefore, in the answer or other response to be submitted by the State of Wisconsin (as respondent) pursuant to this order, the State should, if necessary, identify the proper party to be captioned as the respondent in this matter.

[2] The petition states that Cox was sentenced to "2 years incarceration / probation 2012." However, Cox attaches to his petition several court decisions from Michigan and Wisconsin. This includes a decision from the Wisconsin Court of Appeals issued July 14, 2009. This decision indicates that the sentencing court imposed and stayed consecutive sentences on Cox totaling 15 years initial confinement and six years supervised release, and placed Cox on probation for 14 years, with two years in jail as a condition of probation.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

In his petition, Cox asserts two interrelated grounds for relief. First he contends that his due process rights were violated when the State withdrew an agreement they had reached. It appears from the petition and related materials that prosecutors in Wisconsin agreed to dismiss or reduce charges against Cox if he pled guilty to related charges in Michigan. Apparently, Cox was convicted and sentenced in Michigan, the sentence was appealed and then remanded by the Michigan Court of Appeals. Ultimately, Cox was permitted to withdraw his plea agreement in Michigan. It further appears that the State of Wisconsin considered Cox to have breached the agreement previously entered, and refused to dismiss the charges against Cox. Subsequently, Cox was convicted of the charges by a jury in Brown County Circuit Court.

Relatedly, Cox asserts, as his second ground for relief, that his appellate counsel was ineffective by failing to raise a due process challenge to the Wisconsin Court of Appeals, as discussed in his first ground for relief. He states that his appellate counsel filed a "no-merit report . . . without addressing the breached plea agreement between Michigan and Wisconsin."

2

Case 2:09-cv-01077-CNC    Filed 04/26/10    Page 2 of 4    Document 3

Ineffective assistance of counsel is a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Further, Cox's due process argument may present a colorable constitutional claim. Thus, the court cannot determine at this stage of proceedings that Cox's claims are without merit.

Moving on, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process, or (c) circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan,* 526 U.S. at 847.

Here, Cox appears to allege that his appellate counsel failed to present to the Wisconsin courts the grounds raised in this petition. However, this does not necessarily mean that Cox has failed to present this issue to the state courts. A decision of the Wisconsin Court of Appeals issued August 26, 2009, seems to indicate that Cox attempted to raise this issue in a motion for reconsideration. On November 3, 2009, the Wisconsin Supreme Court denied a petition for review of the court of appeals' order denying Cox's motion for reconsideration. In any event, the record is not sufficient at this time to conclude

3

that Cox has failed to exhaust his state remedies. Hence, the issue of exhaustion shall therefore be left to the respondent and, thereafter, Cox.

Finally, Cox has filed with his petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, Cox is required to file an affidavit of indigence as required by § 1915. He has done so, and the court is satisfied that he lacks sufficient funds to proceed here. Now, therefore,

IT IS ORDERED that within sixty (60) days of the date of this order the respondent shall answer or otherwise respond to the petition, complying with the Rules Governing § 2254 Cases.

Cox is advised that he must send copies of all future filings with the court to counsel for respondent. Until the respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.[3]

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[3] As noted in footnote # 1, the State of Wisconsin (through the Attorney General) should, if appropriate, identify the proper respondent to be caption in this matter, pursuant to Rule 2 of the Rules Governing § 2254 Petitions (advisory notes).

4