UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLARD RUSSELL COX,

        Petitioner,

v.                                          Case No. 09-C-1077

ROBERT FUSFEL,
BILL RUSHFORD,
QUALA CHAMPAGNE,[1]

        Respondents.

ORDER GRANTING RESPONDENTS' MOTION TO DISMISS BASED ON PROCEDURAL DEFAULT (DOC. # 9), DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (DOC. # 12), AND DISMISSING CASE

Petitioner, Willard Russell Cox filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 16, 2009. This court issued a screening order on April 26, 2010, granting Cox's request to proceed in forma pauperis, and directing respondents to answer or otherwise respond to the petition. *See* Doc. # 3. Respondents filed a timely response on June 24, 2010, in the form of a motion to dismiss with supporting exhibits (Doc. # 9, 10). Petitioner's timely brief in opposition was filed on July 6, 2010 (Doc. # 11), along with a separate motion to appoint counsel (Doc. # 12). The issues having been fully briefed, this case is now ripe for disposition.

In 2007, Cox was convicted in the Circuit Court of Brown County, Wisconsin, on two counts of second degree sexual assault of a child, and one count of attempted first degree assault of a child. Cox's petition claims violations of due process and ineffective assistance of counsel. The first claim essentially asserts that the State of Wisconsin violated his right to due process by breaching their plea agreement. Apparently, the Brown County

---

[1]This court ordered the State of Wisconsin, as part of its response, to identify the proper respondent(s) to be captioned in this matter pursuant to Rule 2 of the Rules Governing § 2254 petitions. *See* Doc. # 3 at n.3. Accordingly, the current caption reflects the State's compliance with the order.

prosecutor agreed to dismiss felony charges against him if he pleaded guilty to pending charges in the State of Michigan involving the same two victims. Cox pleaded no contest to the Michigan charges, but was allowed to withdraw the plea. The State of Wisconsin regarded this as a breach of the plea agreement and refused to dismiss the charges against him. He was later convicted on the Wisconsin charges after a jury trial. Cox's second ground for habeas relief, essentially claims ineffectiveness of his appellate counsel. However, before reaching the merits of either of Cox's claims, the State of Wisconsin contends that this case should be dismissed because of his procedural default in the state court system.

Cox was convicted on June 21, 2007, after a two-day jury trial. *See* Ex. A. He then filed a direct appeal of his convictions to the Wisconsin Court of Appeals which affirmed the convictions in an opinion issued on July 14, 2009. *See* Ex. F. The court of appeals addressed Cox's charge that the state breached its plea agreement by failing to dismiss the Brown County charges in exchange for his guilty or no contest plea to the Michigan charges, the trial court's procedural and evidentiary rulings, and whether the verdict was supported by the evidence. Cox then timely filed a motion for reconsideration with the Wisconsin Court of Appeals, which was denied on August 26, 2009. *See* Ex. H. His petition for review was filed with the Wisconsin Supreme Court on September 14, 2009. *See* Ex. I. A day later, the Wisconsin Supreme Court issued an order denying Cox's petition as untimely pursuant Wisconsin Statutes § 808.10 and (Rule) 809.62(1), which mandates dismissal for such petitions. *See* Ex. J (citing *First Wisconsin National Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 274 N.W.2d 704 (Wis. 1979)). The Wisconsin Supreme Court held in a later order that for Cox's petition for review to be timely and to invoke its jurisdiction, the petition had

2

to be filed within thirty days of the court of appeals' July 14, 2009, order and opinion inasmuch as current Wisconsin law did not toll or extend the time while the court of appeals addressed the motion to reconsider. *See* Ex. K. Thus, Cox's petition for review was filed thirty-two days late.

The State argues that because the Wisconsin Supreme Court has twice dismissed Cox's petitions for review as untimely, thereby establishing an independent and adequate state-law ground, for barring habeas relief, this court should deny and dismiss Cox's petition.

For a procedural default to form an independent basis for a state court's disposition, the last state court to consider the question must have clearly and expressly relied on procedural default in reaching its decision. *See Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). The Wisconsin Supreme Court did just that. But that does not end this court's inquiry. For procedural default to apply in a federal habeas proceeding, the procedural rule in question must be firmly established and regularly followed. *See Franklin v. Gilmore*, 188 F.3d 877, 882 (7th Cir. 1999). The rule cannot be applied "infrequently, unexpectedly, or freakishly." *Braun*, 227 F.3d at 912. Moreover, if a prisoner "could not fairly be deemed to have been apprised of" the rule's existence at the time he acted or failed to act, the state's procedural rule will not be an adequate ground for finding default. *See id.* (citation omitted).

The Wisconsin Supreme Court has strictly enforced the thirty day window in which a petition for review must be filed. *See, e.g.*, *Nicholaou*, 87 Wis.2d at 365. Still, a federal district court may review the merits of a procedurally defaulted claim in state court if the petitioner can demonstrate one of two things: 1) he has cause for the default and

3

actual prejudice arising from failing to raise the claim as required or 2) enforcing the default would result in a fundamental miscarriage of justice. In other words, to establish either condition, Cox must scale steep terrain.

During Cox's direct appeal to the state court of appeals, trial counsel filed a no merit brief and certified that he had informed Cox of his options regarding the appeal. He also supplemented the report following Cox's response to his submission and was relieved of further responsibility in the matter pursuant to the decision of July 14, 2009. Cox represented himself when he filed both petitions for review in the state supreme court and he failed to establish that his untimely filings in the state supreme court was due to "some objective factor external to the defense." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Moreover, good cause alone, is not enough to excuse the procedural default. *See Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008).

Before procedural default can be excused, the court must find cause and prejudice. Cox has not demonstrated either. *See id.* He argues that his procedural default should be excused because "he had no knowledge of the court of appeals' internal operating procedures nor the time limit toll required by the supreme court for filing a petition for review." *See* Doc. # 11 *(Petitioner's Response to Respondents' Motion to Dismiss)* at 5. This claimed ignorance of the internal appellate procedures of the state court is insufficient to establish cause and any actual prejudice. *See also Williams*, 538 F.3d at 686 (holding that petitioner's claim that he did not have proper access to the prison library due to no fault of his own was insufficient to establish cause for excusing his procedural default). Moreover, the rule enforced by the Wisconsin Supreme Court has been in existence for at least thirty years prior to Cox's tardy petition for review.

4

Procedural default may also be excused if enforcing it would work a fundamental miscarriage of justice. But this exception only applies in the "extremely rare" and "extraordinary case" where the petitioner is actually innocent of the crime for which he was imprisoned. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). To state a colorable claim under this exception, Cox is required to come forward with "new reliable evidence - - whether it be exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial." *Id.* Here, Cox does not argue actual innocence. Instead, his claims of error on appeal focus on the Brown County prosecutor's alleged breach of his plea agreement. Thus, the "miscarriage of justice" exception to enforcing a procedural default in the state court system is unavailable to Cox.

Additionally, in an effort to excuse his procedural default, Cox asserts that the Wisconsin legislature passed 2009 Assembly Bill 122, which was signed into law by the governor on June 19, 2009. The law tolls the time limit for filing a petition for review in the Wisconsin Supreme Court while a timely motion for reconsideration is pending in the Wisconsin Court of Appeals. While this law, if applicable to Cox, would have tolled his time for filing a petition for review in the state supreme court while a timely motion for reconsideration was pending in the court of appeals, he cannot obtain relief under this law. The law explicitly provides that, "This act first applies to actions commenced on the effective of this subsection." *See* 2009 Wisconsin Act 25 § 8. The law further states that, "This act takes effect on the first day of the 4th month beginning after publication." *Id.* at § 9.

The publication date of the then new law was July 3, 2009, incidentally eleven days before the Wisconsin Court of Appeals issued its decision on Cox's direct appeal. According to Section 9 of the law, its effective date would have been November 1, 2009.

5

Thus, any action *commenced* prior to November 1, 2009, would not come within the law's ambit. Consequently, the law does not apply retroactively to Cox's petition for review. But even if the law applied retroactively, there is another reason Cox would not be entitled to relief. 2009 Wisconsin Act 25 allows a petitioner to toll the time to submit a petition for review in the supreme court, so long as the petitioner files a motion for reconsideration in the court of appeals within twenty days after the decision of the court of appeals. *See* 2009 Wisconsin Act 25 § 2; Wis. Stat. § 808.10(2) (2010). Cox filed his motion for reconsideration in the court of appeals on August 20, 2009, some thirty-seven days after that court's decision was handed down. As a result,

Cox has procedurally defaulted his due process and ineffective assistance of counsel claims because he failed to present them fully to the state courts and, he has not demonstrated that such default is excused. *Williams*, 583 F.3d at 686. On these facts Cox's case may proceed no further. *Id.* Therefore,

IT IS ORDERED that respondents' motion to dismiss is granted.

IT IS FURTHER ORDERED that petitioner's motion to appoint counsel is denied as moot.

IT IS FURTHER ORDERED that this case is dismissed with prejudice.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE